IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

MAX MCCORMICK,

    Plaintiff,

vs.

CYPRESS GULF DEVELOPMENT CORP.,
a Florida Profit Corporation, and
JAMES GLOVER, an individual, jointly and severally,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, MAX MCCORMICK, sues Defendants, CYPRESS GULF DEVELOPMENT CORP. and JAMES GLOVER, and shows:

**Introduction**

1. This is an action by MAX MCCORMICK against his former employers for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, unpaid minimum wages pursuant to Florida Minimum Wage Act, and breach of contract pursuant to Florida common law. Plaintiff seeks damages, court costs, and a reasonable attorney's fee.

**Jurisdiction**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, Florida Statute 448.110, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

3. Defendant CYPRESS GULF DEVELOPMENT CORP.'s principal place of business is in Pinellas County, Florida, making the Middle District of Florida the proper venue for this action.

**Parties**

4. Plaintiff, MAX MCCORMICK (hereinafter "MCCORMICK"), a resident of Polk County, Florida, was at all times material, employed by CYPRESS GULF DEVELOPMENT CORP., as a foreman, was an employee as defined by 29 U.S.C. § 203(e) and Florida Statute 448.101, and during his employment with CYPRESS GULF DEVELOPMENT CORP., was engaged in commerce or in the production of goods for commerce. MCCORMICK did not engage in any activities that made him an exempt employee and was in fact non-exempt as defined by the FLSA.

5. Defendant, CYPRESS GULF DEVELOPMENT CORP. (hereinafter, "CYPRESS GULF"), is a Florida Profit Corporation with headquarters in Pinellas County, Florida and does business throughout the Middle District of Florida as a general contractor. CYPRESS GULF is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and Florida Statute 448.101, in that it has employees engaged in commerce or in the production of goods for commerce; or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; that employs ten or more employees; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant JAMES GLOVER (hereinafter, "GLOVER"), upon information and belief, is a resident of and domiciled within a county within the Middle District of Florida.

7. At all times material to this Complaint, GLOVER has managed, owned, and/or operated Defendant CYPRESS GULF and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate pay of employees, and controlled its finances and daily operations. GLOVER did, in fact, hire Plaintiff, set Plaintiff's rate of pay and work schedule, and fired Plaintiff, and thus dictated the terms of Plaintiff's employment. By virtue of such control and authority, GLOVER is an employer and/or joint employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

## General Allegations

8. On January 4, 2022, MCCORMICK began working for CYPRESS GULF as a foreman making $37.50 per hour, paid as a flat rate of $1,500.00 weekly, thus creating a contract for wages between the parties.

9. MCCORMICK worked for CYPRESS GULF from January 4, 2022 to July 22, 2022.

10. During that time, MCCORMICK regularly worked over 40 hours a week but was never compensated at a rate of time and a half of his regular rate for the hours worked over 40.

11. MCCORMICK was a non-exempt employee as defined by the FLSA.

12. Under CYPRESS GULF's payment schedule, MCCORMICK was paid weekly, and his paycheck would arrive via direct deposit on the Thursday or Friday of the week after the work was performed.

13. MCCORMICK received a paycheck on Thursday, July 14, 2022, which covered his work from Monday, July 4 through Friday, July 8, 2022. This was the last paycheck MCCORMICK received.

14. MCCORMICK worked his usual schedule from Monday, July 11 through Friday, July 15. MCCORMICK did not receive a paycheck for that work on Thursday, July 21 or Friday, July 22.

15. On Friday, July 22, upon complaining to GLOVER that he had not received his paycheck, MCCORMICK was asked to pick up a physical check in the office. When MCCORMICK arrived at the office, GLOVER falsely accused him of thievery, stated he was withholding MCCORMICK's paycheck, and terminated MCCORMICK.

16. MCCORMICK never received his wages for the week of July 11 through July 15, 2022.

17. Additionally, MCCORMICK worked the week of Monday, July 18 through Friday, July 22, 2022, at the end of which MCCORMICK was terminated.

18. MCCORMICK never received his wages for the week of July 18 through July 22, 2022.

19. On Thursday, July 28, 2022, MCCORMICK sent GLOVER an email requesting his agreed upon wages and/or a minimum wage under Florida and federal law.

20. On Monday, August 8, 2022, GLOVER responded to that email stating he would pay MCCORMICK a minimum wage for his last two weeks, but only if MCCORMICK signed a worker's compensation release.

21. On August 17, 2022, MCCORMICK responded to that email informing GLOVER that he refused to sign a release in exchange for his wages and requested that the check be mailed to his residence.

22. MCCORMICK never received a response and never received a check of any kind for his wages, be it minimum wage or the agreed upon contractual rate.

23. To date, MCCORMICK has not been paid any amount for his work performed from July 11, 2022 to July 22, 2022.

24. All conditions precedent to this action have been performed or have been waived.

### Count I – Violation of the FLSA by CYPRESS GULF DEVELOPMENT CORP. - Minimum Wage

25. Plaintiff, MCCORMICK, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 24 above.

26. MCCORMICK worked for CYPRESS GULF from July 11, 2022 to July 22, 2022 but received no compensation whatsoever for those days and the work performed.

27. MCCORMICK had communications with GLOVER informing him that he had not been paid, to no avail.

28. CYPRESS GULF's failure to pay MCCORMICK for those days of his employment violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

29. MCCORMICK is entitled pursuant to the FLSA to recover from CYPRESS GULF:

   a. The applicable minimum wage in effect at the times he worked without receiving compensation;

   b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

  c. The costs of this action, and;

  d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

  a. Enter judgment for MCCORMICK and against CYPRESS GULF on the basis of its willful violations of the FLSA;

  b. Award MCCORMICK actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

  c. Award MCCORMICK an equal amount in liquidated damages;

  d. Award MCCORMICK reasonable attorneys' fees and costs of suit; and

  e. Other such relief as this Court deems just.

**Count II – Violation of the FLSA by JAMES GLOVER - Minimum Wage**

30. Plaintiff, MCCORMICK, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 24 above.

31. MCCORMICK worked for GLOVER from July 11, 2022 to July 22, 2022 but received no compensation whatsoever for those days and the work performed.

32. MCCORMICK had communications with GLOVER informing him that he had not been paid, to no avail.

33. GLOVER's failure to pay MCCORMICK for those weeks of his employment violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

34. MCCORMICK is entitled pursuant to the FLSA to recover from GLOVER:

  a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for MCCORMICK and against GLOVER on the basis of his willful violations of the FLSA;

    b. Award MCCORMICK actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c. Award MCCORMICK an equal amount in liquidated damages;

    d. Award MCCORMICK reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

## Count III – Breach of Contract by CYPRESS GULF DEVELOPMENT CORP. – Unpaid Wages

35. Plaintiff, MCCORMICK, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 24 above.

36. In January of 2022, MCCORMICK was offered a position with CYPRESS GULF as a foreman.

37. MCCORMICK was promised a wage of $37.50 per hour payable as a flat rate of $1,500.00 per week.

38. MCCORMICK accepted this offer and rate of pay and began work for CYPRESS GULF, thereby forming a contract for his services.

39. MCCORMICK worked for CYPRESS GULF from July 11, 2022 to July 22, 2022 but received no compensation whatsoever for those days and the work performed.

40. CYPRESS GULF breached the contract by failing to pay MCCORMICK the agreed upon wages for his hours worked.

41. MCCORMICK had communications with GLOVER informing him that he had not been paid, to no avail.

42. CYPRESS GULF's failure to pay MCCORMICK his wages owed has resulted in damages to MCCORMICK.

43. MCCORMICK is entitled to recover from Defendant CYPRESS GULF his unpaid wages, the costs of this action, and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for MCCORMICK and against CYPRESS GULF on the basis of its breach of contract;

b. Award MCCORMICK actual and compensatory damages;

c. Award MCCORMICK reasonable attorneys' fees and costs of suit; and

d. Other such relief as this Court deems just.

### Count IV – Violation of the Florida Minimum Wage Act by CYPRESS GULF DEVELOPMENT CORP.

44. Plaintiff, MCCORMICK, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 24 above.

45. MCCORMICK worked for CYPRESS GULF from July 11, 2022 to July 22, 2022 but received no compensation whatsoever for those days and the work performed.

46. MCCORMICK sent notice to GLOVER on July 28, 2022 as required by Florida Statute 448.110(6)(a) informing him that he had not been paid, to no avail.

8

47. Fifteen days have passed since notice was received by GLOVER and no payment has been made.

48. CYPRESS GULF's failure to pay MCCORMICK for those days of his employment violates Florida Statute 448.110 by not paying him at least a minimum wage.

49. MCCORMICK is entitled pursuant to the Florida Minimum Wage Act to recover from CYPRESS GULF:

   a. The applicable minimum wage in effect at the times he worked without receiving compensation;

   b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

   a. Enter judgment for MCCORMICK and against CYPRESS GULF on the basis of its willful violations of the Florida Minimum Wage Act;

   b. Award MCCORMICK actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

   c. Award MCCORMICK an equal amount in liquidated damages;

   d. Award MCCORMICK reasonable attorneys' fees and costs of suit; and

   e. Other such relief as this Court deems just.

**Count V – Violation of the Florida Minimum Wage Act by JAMES GLOVER**

50. Plaintiff, MCCORMICK, realleges, as if fully set forth in Count V, the allegations of Paragraphs 1 through 24 above.

51. MCCORMICK worked for GLOVER from July 11, 2022 to July 22, 2022 but received no compensation whatsoever for those days and the work performed.

52. MCCORMICK sent notice to GLOVER on July 28, 2022 as required by Florida Statute 448.110(6)(a) informing him that he had not been paid, to no avail.

53. Fifteen days have passed since notice was received by GLOVER and no payment has been made.

54. GLOVER's failure to pay MCCORMICK for those weeks of his employment violates Florida Statute 448.110 by not paying him at least a minimum wage.

55. MCCORMICK is entitled pursuant to the Florida Minimum Wage Act to recover from GLOVER:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for MCCORMICK and against GLOVER on the basis of his willful violations of the Florida Minimum Wage Act;

    b. Award MCCORMICK actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c. Award MCCORMICK an equal amount in liquidated damages;

    d. Award MCCORMICK reasonable attorneys' fees and costs of suit; and

   e. Other such relief as this Court deems just.

**Count VI – Violation of FLSA by CYPRESS GULF DEVELOPMENT CORP. – Overtime**

  56. Plaintiff, MAX MCCORMICK, realleges, as if fully set forth in Count VI, the allegations of Paragraphs 1 through 24 above.

  57. Since on or about January of 2022, up to and including July of 2022, CYPRESS GULF willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

  58. Specifically, MCCORMICK, during his employment, worked in excess of 40 hours several weeks, but was not compensated for all overtime hours at one and one-half times his regular rate.

  59. The failure to pay overtime compensation to MCCORMICK is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

  60. MCCORMICK is entitled pursuant to 29 U.S.C. § 216(b), to recover from CYPRESS GULF:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action;

   d. A reasonable attorney's fee; and

   e. Other such relief as this Court deems just.

WHEREFORE, Plaintiff, MAX MCCORMICK, prays that this court will grant judgment against CYPRESS GULF:

    a.  awarding MCCORMICK payment of overtime compensation found by the Court to be due to him under the Act;

    b.  awarding MCCORMICK an additional equal amount as liquidated damages;

    c.  awarding MCCORMICK his costs, including a reasonable attorney's fee; and

    d.  granting such other and further relief as is just.

### Count VII – Violation of FLSA by JAMES GLOVER – Overtime

61. Plaintiff, MAX MCCORMICK, realleges, as if fully set forth in Count VII, the allegations of Paragraphs 1 through 24 above.

62. Since on or about January of 2022, up to and including July of 2022, GLOVER willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

63. Specifically, MCCORMICK, during his employment, worked in excess of 40 hours several weeks, but was not compensated for all overtime hours at one and one-half times his regular rate.

64. The failure to pay overtime compensation to MCCORMICK is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

65. MCCORMICK is entitled pursuant to 29 U.S.C. § 216(b), to recover from GLOVER:

   f. All unpaid overtime that is due;

   g. As liquidated damages, an amount equal to the unpaid overtime owed;

   h. The costs of this action;

   i. A reasonable attorney's fee; and

   j. Other such relief as this Court deems just.

WHEREFORE, Plaintiff, MAX MCCORMICK, prays that this court will grant judgment against GLOVER:

   a. awarding MCCORMICK payment of overtime compensation found by the Court to be due to him under the Act;

   b. awarding MCCORMICK an additional equal amount as liquidated damages;

   c. awarding MCCORMICK his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: September 1, 2022
Plantation, Florida

            Respectfully submitted,

            /s/ *Robert S. Norell*
            Robert S. Norell, Esq. (Fla. Bar No. 996777)
            E-Mail: Rob@floridawagelaw.com
            James A. Peterson, Esq. (Fla. Bar No. 645621)
            E-Mail: James@floridawagelaw.com
            ROBERT S. NORELL, P.A.
            300 N.W. 70th Avenue
            Suite 305
            Plantation, Florida 33317
            Telephone: (954) 617-6017
            Facsimile: (954) 617-6018
            Counsel for MAX MCCORMICK